UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEREMY PAUL MAJOR, ET AL.                                        CIVIL ACTION

VERSUS                                                                          15-866-SDD-EWD

PATRIOT DISASTER SERVICES LLC
GEORGE JAMES WELSH
SELECTIVE INSURANCE COMPANY
OF THE SOUTHEAST

**RULING**

This matter is before the Court on the *Motion to Dismiss George James Welsh*[1] filed by Defendants, Patriot Disaster Services, LLC and Selective Insurance Company of the Southeast ("Defendants"). Plaintiffs, Jeremy Paul Major, et al. ("Plaintiffs"), have filed an *Opposition*,[2] to which Defendants filed a *Reply*.[3]  For the reasons which follow, the motion will be denied.

**I.    FACTUAL BACKGROUND**[4]

Jeremy Paul Major ("Major") alleges that he sustained injuries as a result of an auto accident he had with George James Welsh ("Welsh") on July 11, 2015.  Major further alleges that, at the time of the accident, Welsh was acting within the course and scope of his employment, for Patriot Disaster Services LLC ("Patriot"), rendering Patriot liable to the Plaintiffs under the doctrine of *respondeat superior*.  According to Plaintiffs, Selective Insurance Company of the Southeast ("Southeast") issued Patriot an automobile liability insurance policy covering the negligent acts of Welsh and Patriot.  Major is joined in the

---

[1] Rec. Doc. 16.
[2] Rec. Doc. 20.
[3] Rec. Doc. 21.
[4] The Court adopts the Factual Background from Rec. Docs. 1-1, 16-1, 20, 21.
37312

suit by his wife and minor children who he alleges suffered loss of society and loss of consortium as a result of the injuries suffered by Major.

The instant motion before the Court is Defendants' *Motion to Dismiss George James Welsh*.[5] Defendants claim that "at the time of removal neither Patriot nor Welsh had been served with the state court citation or petition."[6]  Defendants further aver that, following the show cause hearing wherein the Court granted Plaintiffs an additional thirty days to serve Patriot and Welsh,[7] Welsh remains unserved.

Plaintiffs, in turn, argue that, following the show cause hearing and within the thirty day period, Plaintiffs sent "multiple citations via regular mail, overnight mail and certified mail to [Welsh] at the address provided by defense counsel…all means of contact were returned as being "unclaimed.""[8]

## II. LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure states: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specified time."[9]  Given that the Court granted Plaintiffs an additional thirty days to serve Patriot and Welsh, Plaintiffs have had a total of 120 days after the complaint was filed in the 18th Judicial District Court for Louisiana ("18th JDC") to serve the Defendants.  If the Court determines that Welsh was not served

---

[5] Rec. Doc. 16.
[6] Rec. Doc. 16-1.
[7] *See* Rec. Doc. 13.
[8] Rec. Doc. 20.
[9] F.R.C.P. Rule 4(m) (2016).
37312

within the 120 day period, the Court must either dismiss with prejudice Plaintiffs' claims against Welsh or order that Plaintiffs serve Welsh within a specified time.

The sole issue before the Court in this motion is whether Welsh was served. 29 U.S.C. § 1448 states:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in the cases originally filed in such district court.[10]

In order for the Court to resolve the question of sufficiency of process, it must "[look] to the state law governing process."[11]  Accordingly, the Court must examine whether Plaintiffs' attempts to serve Welsh with service of process satisfy the Louisiana Civil Procedure Rules governing service of process.

Based upon the documents presented to the Court,[12] it is clear that Welsh resides outside of Louisiana.[13]  It is undisputed that the suit arose under Louisiana law.[14] Defendants argue that Plaintiffs did not comply with Louisiana Revised Statute 13:3204 ("Louisiana Long Arm Statute").  The Louisiana Long Arm Statute states, in relevant part:

> In a suit under R.S. 13:3201, a certified copy of the citation…shall be sent by counsel for the plaintiff…to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one

---

[10] 28 U.S.C. § 1448 (2016).
[11] *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1287 (11th Cir. 1985).
[12] As outlined by the Supreme Court in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), "Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which the court may take judicial notice."
[13] Rec Docs. 16-1, 20.
[14] *Id.*
37312

>authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.
>
>If service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, the court shall order that service of process by made on an attorney at law appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091.[15]

In order to satisfy the plain language of the Louisiana Long Arm Statute, the Plaintiffs must send the citation by registered or certified mail or actually deliver the citation by commercial carrier. The documents in the record show that Plaintiffs sent citations to the last known address of Welsh, which was provided by Defense counsel[16] - a clear attempt to comply with the Louisiana Long Arm Statute. Defendants argue that Plaintiffs did not satisfy the Louisiana Long Arm Statute because "Welsh nor his representative lived at his former address at the time of service and the certified letter was returned as unclaimed and undeliverable."[17]

The Louisiana First Circuit Court of Appeals in *McFarland v. Dippel* addressed the question of whether a party must actually be served in order to comply with the Louisiana Long Arm Statute. *McFarland* arose from the sale of a home by a South Carolina resident, McFarland, to Dippel, a Louisiana resident.[18] Shortly after the sale, Dippel's attorney "wrote McFarland a letter asserting a warranty claim for defects in the home."[19] Within the same month of the letter being sent, McFarland's wife, who was also an attorney, wrote back to Dippel on behalf of her husband, denying the claims made in Dippel's

---

[15] La. R.S. 13:3204 (2016).
[16] Rec. Docs. 16-3, 20.
[17] Rec. Doc. 16-1.
[18] *McFarland v. Dippel*, 99-0584 (La.App. 1 Cir. 3/31/00).756 So.2d 618, 620.
[19] *Id.*

37312

letter.[20]  Dippel filed suit in the 20th Louisiana JDC.[21]  Neither party disputed that McFarland was served via certified mail at his correct residential address in South Carolina.[22]  However, "McFarland did not claim the certified mailing, which was returned to Dippel's attorney," and "the envelope that contained the citation and petition bears the notation "UN" on it, underneath which the dates 10/28, 11/4, and 11/12 are listed."[23]  Following a motion for a default judgment against McFarland due to the unanswered mailing of the citation and petition, the 20th JDC awarded a default judgment to Dippel.[24]  Subsequent to the default judgment in favor of Dippel, McFarland filed a petition seeking to nullify the default judgment based on the legal ground that he was not properly served pursuant to the Louisiana Long Arm Statute, and the court therefore lacked personal jurisdiction over him.[25]

Reviewing the Louisiana Long Arm Statute, the *McFarland* court held:

> Under the clear wording of [the Louisiana Long Arm Statute] all that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person.  There is no requirement under [the Louisiana Long Arm Statute] for a signed return receipt.[26]

Applying the holding of *McFarland* to the present case, all that Plaintiffs are required to do to satisfy the Louisiana Long Arm Statute is send a certified copy of the citation and petition from the 18th JDC by registered or certified mail, or deliver in person

---

[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *McFarland*, 706 So.2d at 620.
[25] *Id.*
[26] *Id.* at 622.
37312

the citation and petition to Welsh – there is no requirement that Plaintiff actually physically serve Welsh.  Based upon the documents provided to the Court, Plaintiffs complied with the requirements of the Louisiana Long Arm Statute as interpreted by the state court in *McFarland*.[27]

Defendants rely on the Middle District of Louisiana case *Grace v. Myers* for their argument that the mere act of mailing the citation to Welsh at his last known address is insufficient to comply with the Louisiana Long Arm Statute.[28]  The Court has analyzed the thorough and well-reasoned analysis in *Grace v. Myers* for guidance as to Defendant's argument regarding whether service was proper due to an alleged mistake with the correct address.[29]

In *Grace*, the non-resident upon whom service was attempted submitted proof that he did not live at the address where service was attempted and had, in fact, been living in a different state from that in which service was attempted.[30]  In examining these facts, the *Grace* court stated,

> It is clear that Plaintiff did not properly serve [Defendant] pursuant to [the Louisiana Long Arm Statute] as [Defendant] did not live at his former address…at the time service was attempted.  The record indicates that Plaintiff directed service to an address obtained at the time of the accident and made no additional efforts to determine [Defendant's] address at the time service was attempted.[31]

Based on these facts, the court in *Grace* held that the plaintiff had not served the defendant in accordance with the Louisiana Long Arm Statute. The facts in *Grace* and

---

[27] Rec. Docs.16-3, 20.
[28] Rec. Doc. 16-1.
[29] *Grace v. Myers*, 15-cv-00300, 2015 WL 4939893, *1 (M.D. La. Aug. 18, 2015).
[30] *Id.* at *4.
[31] *Id.* at *5.
37312

the present case, however, are distinguishable. Notably, Welsh, unlike the defendant in *Grace*, has not appeared with a reservation of rights and provided documentation that he was not living at the address where the citations were sent.[32] In this case, Plaintiffs did more than simply rely upon a stale address. Plaintiffs attempted to verify Welsh's address, and relied on an address provided by Defense counsel when sending the citation.[33] Unlike in *Grace*, the Plaintiffs relied on the last known address provided by Defense counsel.[34] The Defenses' argument puts Plaintiffs on the horns of a dilemma – are they to serve Welsh based upon the address provided by Defense Counsel, or the address that Plaintiffs' private investigator believes Welsh is located.[35] Justifiably, Plaintiffs served Welsh at the address provided by Defense Counsel.

Because the Court finds that the Defense's argument that service is improper because the certified letter was returned as unclaimed and undeliverable is unsupported by relevant jurisprudence, the Court finds that Plaintiffs' mailing to Welsh's address, which was provided to Plaintiffs by Defense Counsel, fulfills the requirements of the Louisiana Long Arm Statute.

---

[32] *See supra note* 29.
[33] Rec. Docs. 16-3, 20, 20-1.
[34] Rec. Doc. 20-1.
[35] *Id.*
37312

## III.     CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss George James Welsh*[36] is DENIED.  Having denied Defendant's *Motion to Dismiss* and, for the above stated reasons, the Court finds that service on Welsh was proper under the Louisiana Long Arm Statute.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on February 2, 2017.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[36] Rec. Doc. 16.
37312